**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry James Raffel, ) | No. CIV-01-1910-PHX-MHM |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Terry L. Stewart and Janet Napolitano, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Pending before this Court are Petitioner's Post-Judgment Motion for an Extension of Time to File a Notice of Appeal, (Dkt. #41-1), and Motion to Stay Proceedings Due to Change in Law. (Dkt. #41-2). Having reviewed the motions the Court enters the following Order.

**I.      Factual & Procedural Background**

Petitioner is presently incarcerated in the Arizona state prison system in Florence, Arizona, on an October 3, 1997, final conviction for second-degree murder, felony murder and burglary. Petitioner filed a direct appeal of his conviction. The Arizona Court of Appeals affirmed the conviction, and the Arizona Supreme Court denied review on July 3, 1997. On April 3, 1998, Petitioner filed a petition for post-conviction relief, which was denied. The Arizona Court of Appeals granted review and denied relief, and the Arizona Supreme Court denied review on November 17, 2000.

On October 5, 2001, Mr. Raffel filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. Petitioner asserted that he is entitled to federal habeas relief from his state conviction on three alternative grounds: 1) his right to be free of double jeopardy was

1  violated when the jury convicted him of both felony murder and second-degree murder
2  regarding the same victim; 2) his constitutional rights were violated when the trial court
3  allowed Petitioner's statements to the police to be admitted as evidence; 3) he was denied the
4  effective assistance of trial counsel because counsel failed to raise the double jeopardy issue
5  and also failed to move to suppress Petitioner's statements to the police. Respondents filed
6  an Answer to Petition for Writ of Habeas Corpus, and Petitioner filed a traverse.

7  On September 16, 2003, Magistrate Judge Verkmap issued a Second Report and
8  Recommendation, which this Court adopted on April 7, 2004. The Court adopted the Second
9  Report and Recommendation because it found that Petitioner's conviction for second-degree
10 murder should be vacated. On March 31, 2005 the Court denied Petitioner's motion for
11 reconsideration of its order adopting Judge Verkamp's Second Report and Recommendation.
12 Petitioner asserts factual and legal errors in the Court's March 31 2005 Order coupled with
13 the Supreme Courts recent decision in Rhines v. Weber, 126 S. Ct. 325 (2005) justify a stay.

14 **II.    Standard of Review**

15 The Court lacks jurisdiction to consider Petitioners' post-judgment motion for a stay,
16 absent Petitioner articulating a basis to alter judgment or grant petitioner relief from
17 judgment, as the Court has made a final determination on the merits of Petitioner's claims.
18 See FED. R. CIV. PRO. 50, 52(b), 59, or 60 (2005). Accordingly, the Court must first address
19 whether Petitioner has articulated a basis for relief from judgment, before it has jurisdiction
20 to consider a stay to permit Petitioner to exhaust due process claims in state Court.

21 Under Rule 60(b) of the Federal Rules of Civil Procedure, the court may relieve a
22 party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise,
23 or excusable neglect; (2) newly discovered evidence which by due diligence could not have
24 been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation
25 or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been
26 satisfied or discharged, or a prior judgment upon which it is based has been reversed or
27 otherwise vacated, or it is no longer equitable that the judgment should have prospective
28

1 application; or 6) any other reason justifying relief from operation of the judgment. FED.
2 CIV. PRO. RULE 60(b).

3 **III.    Discussion**

4     This Court has reviewed the entire record in this matter, and the motions pending before this Court, as well as the exhibits submitted in support, and finds that Petitioner has failed to meet the standards for relief from the judgment denying his petition for Writ of Habeas Corpus.

8     Petitioner argues: (1) the Court erred in concluding Petitioner's second-degree murder conviction was a lesser included offense to first-degree felony murder; (2) the Court erred in sustaining Petitioner's burglary conviction; (3) the trial court engaged in unconstitutional burden shifting; and (4) there is newly discovered evidence.

12     The Court has already addressed Petitioner's argument regarding whether a second-degree murder conviction was a lesser included offense to first-degree felony murder. While, Arizona Court's have found felony murder and first-degree murder are a "single crime," this Court and Magistrate Judge Verkamp found second-degree murder is a lesser included offense of the "single crime" of first-degree murder in the context of a prosecution allowing the jury to find that a defendant is guilty of either first-degree premeditated murder, or felony murder, where the premeditation is proved by the intent to commit the underlying felony, which does not require premeditation. Arizona v. Arnett; 760 P.2d 1064, 1068 (Ariz. 1988); Arizona v. Tucker, 68 P.3d 110, 120 (Ariz. 2003) Furthermore, under the test set forth in Blockburger v. United States, the Court properly concluded the second-degree murder offense contained elements identical to, or included as a subset within, the elements of first-degree felony murder, and therefore, violated Petitioners right to be free of double jeopardy. 284 U.S. 299, 304 (1932).  Therefore, Petitioner's argument the Court erred in concluding Petitioner's second-degree murder conviction was a lesser included offense to first-degree felony murder has failed to state a basis for relief from judgment.

27     Next, Petitioner accurately notes the Court erred when stating the elements of first-degree burglary in the disjunctive, and instead, in Arizona, first-degree burglary is committed

- 3 -

1 upon entry of a residential structure with the intent to commit a felony *and* entry of a
2 residential structure while armed with a firearm. Ariz. Rev. Stat. §§13-506, 13-508 (West
3 2004). However, the use of the disjunctive was not relevant to the Court's holding.

4 The Ninth Circuit has held that a crime with no "intent" element cannot be the basis
5 for a conviction of another crime whose definition requires the defendant to have intended
6 to commit an underlying act. Evanchyk v. Stewart, 340 F. 3d 933. 939-40 (9th Cir. 2003).
7 If a jury convicted Petitioner of burglary, a crime requiring intent to commit a felony, based
8 on a felony that has no "intent" element, then the burglary conviction could not stand.

9 However in the instant case, the jury was instructed that the felony underlying the
10 burglary was armament with a firearm. This Court correctly held that the trial court
11 specifically instructed the jury that a burglary conviction must be found if the defendant
12 entered the dwelling while "armed with a firearm. That would make a burglary..." That
13 Petitioner was armed with a handgun was a fact undisputed throughout the trial. See
14 Memorandum in Support of Petition for Habeas Corpus Relief (Dkt. #1) at 3-5, Response to
15 Motion for Reconsideration (Dkt. #38) Exhibit B, Jury Instructions, at 17. The trial court did
16 not instruct the jury at any time that a conviction of second degree murder would support a
17 burglary conviction; indeed, its instruction precludes that assumption, and the jury is
18 presumed to have followed the court's instructions. Accordingly, Petitioner has failed to
19 establish extraordinary circumstances, warranting relief from judgment. See Lehman, 154
20 F.3d at 1017.

21 Petitioner, again argues pursuant to Evanchyk v. Stewart the jury instructions
22 permitted the jury to return a verdict of burglary predicated on reckless second-degree
23 murder. 340 F.3d 933, 938-39 (9th Cir. 2003). As noted above, the trial court did not instruct
24 the jury at any time that a conviction of second degree murder would support a burglary
25 conviction; indeed, its instruction a burglary conviction must be found if the defendant
26 entered the dwelling while "armed with a firearm. That would make a burglary...." precludes
27 that assumption, and therefore, Petitioner's Evanchyk arguments have been considered and
28 rejected by this Court and are more properly raised on appeal.

- 4 -

1 Petitioner next asserts a new due process claim based on unconstitutional burden-
2 shifting. Petitioner argues the trial court's instruction "the victim's conduct was justified"
3 resulted in unconstitutional burden shifting. The Court finds this minimal information is
4 wholly insufficient to state a basis for relief from judgment. Furthermore, the "recent"
5 decision relied upon does not create substantive law on the issue of burden shifting,
6 justifying Petitioner raising an issue 8 years after judgment and 4 years after filing the instant
7 petition. Finally, regardless of the lack of factual or legal support, taking as true Petitioner's
8 argument, it is without merit. Arizona v. Garfield, 92 P.3d 905 (Ariz. Ct. App. 2004)
9 (holding in a prosecution for aggravated assault with a deadly weapon against a visitor inside
10 an acquaintance's home, it was not harmless error to fail to instruct on right to use deadly
11 force to protect home and residents, even though instruction on defense of third person had
12 been given, and rejected by jury, in view of unique nature of protection of home defense).
13 Thus, Garfield stands for the proposition a right to use force instruction may be appropriate,
14 where force is used against an invitee; Garfield is unrelated to the issue of a right to use force
15 instruction on behalf of a victim. Accordingly, Petitioner has failed to establish extraordinary
16 circumstances, warranting relief from judgment. See Lehman, 154 F.3d at 1017.

17 Finally, Petitioner argues newly discovered evidence warrants a stay. Motions under
18 Rule 60(b)(2) regarding newly discovered evidence must be made within one year after
19 judgment is entered. See Rule 60(b). Judgment was entered in this matter on April 5, 2004.
20 Dkt. #32. Petitioner filed the instant motion on April 27, 2005, and therefore, arguments
21 based on newly discovered evidence are not a basis for relief from judgment. Nonetheless,
22 even if these arguments were timely, Petitioner has failed to articulate a basis for relief from
23 judgment.

24 Relief under Rule 60(b)(2) may only be granted where (1) the evidence has been
25 newly discovered since trial; 2) the moving party was diligent in discovering the new
26 evidence; 3) the new evidence is not merely cumulative or impeaching; 4) the new evidence
27 is material; and 5) in view of the new evidence, a new trial would probably produce a
28

- 5 -

1    different result. See Karak v. Bursaw Oil Corp., 288 F.3d 15, 20 (1st Cir. 2002); Coregis Ins.
2    Co. v. Baratta & Fenerty, Ltd., 264 F.3d 302, 309-10 (3d Cir. 2001).

3          Petitioner argues the state suborned perjury by coercing Tracy Rucker to testify
4    untruthfully, with threats of imprisonment for unrelated charges. Had Ms. Rucker testified
5    truthfully, Petitioner contends that she would have stated Petitioner had permission to enter
6    the residence and the victim had threatened to kill Petitioner.

7          First, the Court notes other than Petitioner's assertions, Petitioner has failed to provide
8    any support for this argument, such as Ms. Rucker's affidavit. Moreover, Petitioner does not
9    allege the state did not disclose Ms. Rucker was a cooperating witness and that she was not
10   subject to impeachment on that basis. Finally, this Court finds that the discovery of Ms.
11   Rucker's "true motivations" eight years after Petitioner was convicted, for which Petitioner
12   had personal knowledge, fails to meet the standard for relief under Rule 60(b)(2). See
13   Bursaw Oil Corp., 288 F.3d at 20; Coregis Ins. Co., 264 F.3d at 309-10.

14         Based on the foregoing, Petitioner has failed to articulate a basis for relief from
15   judgment. Furthermore, the Court is without jurisdiction to consider a stay to permit
16   Petitioner to exhaust due process claims in state court because the Court has made a final
17   determination on the merits of Petitioner's claims. As Petitioner has accurately noted, his
18   arguments are more appropriately raised on appeal. Lastly, Petitioner has timely moved for
19   an extension to file an appeal, which the Court will grant.

20         **Accordingly,**

21         **IT IS HEREBY ORDERED** Petitioner's Post-Judgment Motion for an Extension of
22   Time to File a Notice of Appeal is **GRANTED**. (Dkt. #41-1). Pursuant to FED. R. APP. PRO.
23   4(a)(5)(A) Petitioner is granted an extension **no later than 30 days from the date of this**
24   **order to file a Notice of Appeal**.

25         **IT IS FURTHER ORDERED** Petitioner's Motion to Stay Proceedings Due to
26   Change in Law is **DENIED**. (Dkt. #41-2).

27
28

1  DATED this 8th day of November, 2005.

Mary H. Murguia
United States District Judge